# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD J. KELLY,

   Plaintiff,

vs.

LISA/CARRISON LTD., a Nevada limited liability company, dba PUTTER'S BAR & GRILL,

   Defendant.

Case No. 2:09-CV-1573-KJD-GWF

**ORDER**

     Presently before the Court is Plaintiff's Motion for Summary Judgment (#14). Plaintiff has filed an Opposition (#15) to which Defendant replied (#16).

## FACTUAL BACKGROUND

     Plaintiff was employed as a bartender for Defendant from February 5, 2004, through September 11, 2006. In April 2006, Plaintiff began experiencing neck pains and was diagnosed by his physician with "cervical ridiculopathy" which consisted of a herniated disc and cervical disc displacement. After chiropractic treatments failed to alleviate the pain, Plaintiff began treating with Dr. David Lanzkowky, M.D. The possibility of surgery was discussed, however it was determined that nerve root blocks might provide some relief short of surgery. The first injection provided

temporary relief, however the pain returned very quickly after the second injection.  On August 8, 2009, Plaintiff was referred to Dr. John Thalgott, M.D. for surgery.

      According to Plaintiff, after meeting with Dr. Thalgott on August 29, 2006, and receiving an appointment for cervical spine surgery on August 31, 2006, he notified Mike Ortega, Defendant's Regional Manager, that he would having surgery on September 27, 2006, for cervical spine pain.  Also, according to Plaintiff, on September 2, 2006, Renaldo Tiberti, Defendant's owner came to the location where Mr. Kelly was working his regular shift.  At that time, the topic of Plaintiff's upcoming surgery arose and Mr. Tiberti inquired of Plaintiff as to how he was feeling.  Plaintiff replied "mentally I'm fine, but physically I'm miserable".  On September 4, 2006, Plaintiff reported to work.  As part of his regular duties, he went to the corporate office to drop off weekly reports where he met with Mike Berry, Defendant's General Manager.  At that time, Mr. Berry confronted him with the statement "I hear you are miserable".  Mr. Berry then informed Plaintiff "your job performance is lacking".  At that time, Plaintiff informed Mr. Berry that he could not sit comfortably and reiterated his need for the surgery scheduled later that month.  According to Plaintiff, Mr. Berry responded "we're going to put you on medical leave," and stated that he would inform Ms. Thibodeau, who handled personnel matters.  On September 6, 2006, Plaintiff was informed by a fellow employee that he had heard Plaintiff was on medical leave.  On September 11, 2006, Plaintiff went to the corporate offices for a previously arranged meeting with Mr. Berry and Mr. Ortega and was informed he was being terminated.

      Plaintiff subsequently filed this action, alleging federal claims for violation of rights under the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA).  Defendant asserts that Plaintiff was terminated for excessive drinking on the job and acts of insubordination.  Defendant also states that it was not aware Plaintiff needed surgery or surgical leave at the time of his termination.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248

**ANALYSIS**

The parties have provided the Court with differing accounts of the last few weeks of Plaintiff's employment. Plaintiff has supported his version with a sworn affidavit. Defendants dispute whether they were informed of the need for surgery. For example, Mr. Tiberti stated under oath that he "did not recall" having been informed by Plaintiff that he would be needing surgery. Defendant asserts in its Reply (#16), page 16, lines 2–3, that Mr. Tiberti "states unequivocally he does not know Kelly and did not with him about health issues". [sic] However, as pointed out Mr. Tiberti's actual sworn statements are only that he "did not recall" and "did not remember" such a conversation. Similarly, supervisor Kim McElhney also states she has no recollection of discussion with Plaintiff about Plaintiff's upcoming surgery. In his affidavit, Plaintiff states that on August 31, 2006, he notified Mr. Ortega that he would be having surgery on September 27, 2006 for cervical spine pain.

Plaintiff has met his burden of setting forth material issues of fact precluding summary adjudication of his federal and state law claims. A reasonable jury could, viewing in the light most favorable to the Plaintiff, find he was regarded by Defendants as having a disability, that he informed Defendants of his need for medical leave, and that his termination for drinking and insubordination was pretextual.

Plaintiff has offered evidence which, if believed, would be sufficient to establish a prima facie case of disability-based discrimination due to an actual disability and due to being regarded as having a qualifying disability. Second, there are genuine issues of material fact as to whether Plaintiff would have continued to be employed by Defendants but for the fact that he requested a medical leave of absence for scheduled surgery. The lack of prior disciplinary action and the proximity in time of the employer learning of Plaintiff's impairment and his need for surgery in

4

relation to the time of termination could be considered by the jury determining whether the employer's asserted grounds for termination are pretextual.

### CONCLUSION

Genuine issues of material fact exist between the parties' respective versions of the events leading up to Plaintiff's termination, thereby precluding summary adjudication of his claims.

Accordingly, Defendant's Motion for Summary Judgment (#14) is **DENIED.**

**DATED:** 3/29/2011

_____
**UNITED STATES DISTRICT JUDGE**